UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:12CR266-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER FOR** |
| v. ) | **THIRD PARTY PETITION** |
| ) | |
| LINDA SMOOT RADEKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Petitioner,[1] through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following property identified in the Consent Order and Judgment of Forfeiture (Doc. 12) ("the Property"):

> The real property at 518 W. Sumter Street, Shelby, North Carolina, more particularly described in a deed to Linda F. Smoot-Radeker recorded in Cleveland County Register of Deeds Book 1409, Page 795.

---

[1] The term, "Petitioner," herein shall collectively refer to Mortgage Electronic Registration Systems, Inc. as nominee for Lender and Lender's successors and assigns. Pursuant to Mortgage Electronic Registration System documents provided by EverBank, the most recent servicer of the loan identified herein is EverBank and the most recent investor and Lender is GNMA. Although Petitioner did not file a petition in this action, Petitioner has provided the Government with sufficient documentation to justify the Government exercising its discretion under 21 U.S.C. § 853(i)(2) to consent to the relief herein. Therefore, the Government consents to the Court treating the facts set forth in this proposed Consent Order as satisfactory for purposes of the formal petition filing requirements of 21 U.S.C. § 853(n)(3).

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Petitioner has provided documentation to the Government that Mortgage Investors Corporation provided a loan to Linda F. Smoot-Radeker and Gwynn G. Radeker, wife and husband ("Borrowers"), secured that loan via a Deed of Trust filed on the Property, and registered the loan with Mortgage Electronic Registration Systems, Inc. ("MERS"). Petitioner states that EverBank, the current servicer of the loan, is the sole party entitled to payment on the loan. Petitioner has satisfied 21 U.S.C. § 853(n)(6).

2. By entering into this Consent Order, Petitioner agrees, upon the sale of the Property, to release and forever discharge its interest in the Property and release any deeds of trust or liens on the Property. In exchange for release of the interest, deeds of trust, and/or liens, the Government agrees, upon sale of the Property by the Government, to pay EverBank a portion of the net proceeds of the sale of the Property equivalent to the outstanding principal amount due and owing on the loan as of the date of sale, all unpaid interest at the base contractual rate due and owing on the loan as of the date of sale, and all casualty insurance premiums and taxes paid by EverBank as of the date of sale.[2] As of October 17, 2012, $41,556.30 was the outstanding principal balance of the loan. For purposes of this Consent Order, the term, "net proceeds," shall mean any proceeds remaining after the Government has recovered the costs and expenses of maintaining and liquidating the Property. In no event shall EverBank be entitled to payment in excess of

---

[2] The U.S. Attorney's Office intends to request approval from the Attorney General that the remaining funds after payment to Petitioner be "restored" to the Court to pay victims pursuant to 21 U.S.C. § 853(i).

2

the sum equivalent to the outstanding principal amount due and owing on the loan as of the date of sale, all unpaid interest at the base contractual rate due and owing on the loan as of the date of sale, and all casualty insurance premiums and taxes paid by EverBank as of the date of sale. Also, in no event shall EverBank be entitled to payment in excess of the net proceeds.

3. The payment to EverBank shall be in full settlement and satisfaction of all claims by Petitioner to the Property, all claims arising from any note, the indebtedness for which is secured by the Property, and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

4. Petitioner agrees not to pursue against the United States any rights that it may have under the deed of trust on the Property, including but not limited to the right to initiate foreclosure. Petitioner agrees to consent to any Government motion for final order of forfeiture of the Property. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to execute further documents to convey clear title to the Property to the United States and implement this Consent Order, to the extent such action is necessary.

5. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

6. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), Petitioner is hereby ordered to, upon closing of sale of the Property by the Government, release and forever discharge any interest in, deeds of trust on, and/or liens on the Property and the Government is hereby ordered to, upon sale of the Property, disburse funds to EverBank in the amount of the outstanding principal amount due and owing on the loan as of the date of sale, all unpaid interest at the base contractual rate due and owing on the loan as of the date of sale, and all casualty insurance premiums and taxes paid by EverBank as of the date of sale. In no event shall the Government be obliged to pay EverBank an amount in excess of the net proceeds of liquidation of the Property.

2. The Government and Petitioner shall bear their own costs, including attorneys' fees.

Signed this 13th day of March, 2013.

FRANK D. WHITNEY
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:


ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____          Dated: 3/11/13
Benjamin Bain-Creed
Assistant United States Attorney



_____          Dated: 3-5-13
Kim McManus
Assistant Secretary
Mortgage Electronic Registration Systems, Inc.



/s/ Jason K. Purser                Dated:     3-4-2013
Jason K. Purser
N.C. State Bar No. 28031
Shapiro & Ingle, LLP
10130 Perimeter Parkway, Ste. 400
Charlotte, NC  28216
(704) 831-2251
(704) 831-3251 (Fax)
jpurser@logs.com
Attorneys for Mortgage Electronic Registration Systems, Inc. and EverBank